E. N. McAULEY ET AL. v. J. W. McKINNEY ET AL.

Decided April 28, 1900.

1. **Sureties on Appeal Bond—Discharge—Invalid Agreement.**

Sureties on a supersedeas writ of error bond are not released from liability by an agreement of the obligees made without their knowledge, and which is invalid and proves ineffectual, to the effect that the filing of the transcript in the Court of Civil Appeals might be made after the time had expired in which it could legally be filed.

2. **Same—Deposit for Sureties.**

Money deposited to indemnify sureties on an appeal bond may be lawfully applied to a judgment against them as such sureties, although it is deposited with a bank, and by a receiver of the principal, where it is held by the bank subject to their control, and the receiver had authority to so use the money.

APPEAL from the County Court of Collin. Tried below before Hon. J. H. FAULKNER.

*K. R. Craig* and *G. R. Smith,* for appellants.

*Abernathy & Beverly, M. H. Garnett,* and *W. C. Merritt,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—On October 7, 1889, C. Aultman & Co., an Ohio corporation, filed suit in the District Court of Collin

County against J. W. McKinney, Ebb McKinney, H. R. McKinney, and J. C. Moore. The suit was based on two notes for $450 each, alleged to have been executed by the McKinneys as makers and Moore as indorser. The notes were given in part consideration for some machinery sold by C. Aultman & Co. to the McKinneys. A plea of failure of consideration, based on the charge that the machinery was defective, was interposed by the McKinneys, and they reconvened for the amount of the purchase money paid by them. The case was tried on October 31, 1894, and there was a verdict and judgment for the McKinneys for $350. On March 1, 1895, C. Aultman & Co. filed its petition for writ of error, its assignments of error, and its supersedeas writ of error bond. The bond was signed by C. Aultman & Co., as principal, and the appellants, McAuley and White, as sureties. It was in the sum of $1100, and was conditioned and payable as required by law, and was duly approved. A citation in error was issued on March 4, 1895, was served on March 6, 1895, and was returned on the following day. On May 27, 1897, C. Aultman & Co. filed in this court a motion asking leave to file the transcript and briefs in said cause, which motion was overruled two days later. Nothing else was ever done by C. Aultman & Co. toward prosecuting its appeal from said judgment.

On August 18, 1898, the McKinneys instituted this suit in the County Court of Collin County against McAuley and White to recover of them, as sureties on said bond, the amount of their judgment against C. Aultman & Co. It was alleged that the said corporation was insolvent, but that it had deposited with McAuley and White the sum of $1000 to indemnify them against any liability they might incur by reason of their suretyship. The McKinneys charged that the money was still held by McAuley and White for said purpose, and sought to subject the same to the satisfaction of their judgment.

McAuley and White claimed to have been discharged from liability on the bond, because they alleged that on May 4, 1897, the McKinneys, by written agreements entered into with C. Aultman & Co., and based upon a valuable consideration, waived the breach of the bond, and thereby released the sureties, who, it was alleged, were not parties to the agreements. They further claimed that the money deposited to indemnify them could not be lawfully applied to the payment of said judgment for the reasons that the same was deposited, not by C. Aultman & Co., but by one Lynch, who was the receiver of the corporation, and that it was deposited, not with them, but with the Collin County National Bank.

There was a trial by the court without the intervention of a jury, and judgment was rendered for the McKinneys for the amount of their judgment against C. Aultman & Co., and directing the payment thereof out of the deposits in the hands of McAuley and White.

The agreements on which McAuley and White relied to discharge them from liability on the bond were made on May 4, 1897, but were not

finally entered into and consummated until May 18, 1897. The agreements were signed by the attorneys for C. Aultman & Co. and the McKinneys.

The first agreement reads as follows: "It is agreed by and between counsel for plaintiff in error and counsel for defendants in error that the transcript has been withheld from filing for the convenience of counsel for plaintiff in error in the preparation of briefs, and that the same may be filed now, the lapse of time prescribed by the rules only being waived. It is further agreed that the filing of the copy of brief for plaintiff in error in the court below, and notice to the defendants in error, is also waived. It is further agreed that the filing of briefs for the defendants in error within the time prescribed by the rules is waived, and defendants in error may file their briefs without notice at any time before submission of the cause."

The second agreement reads as follows: "It is mutually agreed in this case that in the event the judgment of the District Court, Collin County, Texas, which was rendered in this case on the second trial, to wit, October 31, 1894, shall ever be reversed, modified, or set aside in any manner by the Court of Civil Appeals, or by the Supreme Court on writ of error which is now applied for by C. Aultman & Co. for the purpose of reversing said judgment of said District Court, that on any subsequent trial of said cause no interest whatever shall be computed on the notes sued upon by the plaintiffs in said suit nor either of said notes between the 1st of June, 1895, until such time as the transcript in said case shall be filed in the Court of Civil Appeals for the Fifth Supreme Judicial District, which has not been filed in said court."

C. Aultman & Co. had failed to file its transcript in the time required by law, and its attorneys sought and secured an agreement that the same might still be filed. The agreement was made by the attorney for the McKinneys, not in consideration of the agreement as to interest, but solely as a matter of professional courtesy and personal favor to opposing counsel. The concession of the attorney for C. Aultman & Co. as to interest was inspired by like considerations, and was not demanded and enforced as a condition precedent to the execution of the agreement concerning the filing of the transcript. The two agreements were not the result of calculation and bargain, but were based purely on personal grounds. The agreements concerning the briefs were merely incident to the main agreement, and were in no sense the consideration therefor. It was not understood or agreed that the time for the filing of the transcript should be further extended; an immediate filing was contemplated.

It is contended that the McKinneys, by this suit, have elected to treat the bond as a common law obligation; and it is sought to apply to the case as made the rule that any material change in the contract, made for a sufficient consideration and without the consent of the sureties, releases the sureties.

The rule is not applicable where the contract is not changed, and the contract is not changed where the agreement for the change is not valid and binding. In this case, the agreement for the change was that the transcript might be filed in this court, although the time in which it could be legally filed had expired. Notwithstanding the agreement, this court refused to permit the transcript to be filed, thereby rendering the agreement of no effect. There was no agreement for further extension of the time of filing; it was simply agreed that the transcript might be filed. But it could not be legally filed either with or without the agreement, and so the agreement did not change or vary the contract in any way. This case is not like the case of Michael v. Ball, 32 Southwestern Reporter, 238, where the obligee in the bond had procured the principal obligor to abandon an appeal that he might legally have prosecuted. Here the appeal could not be legally prosecuted; the agreement did not, in any way, affect the right to prosecute it. The liability of the principal and sureties on the bond had become fixed before the agreement was entered into; the ineffectual agreement released nobody.

Besides, there was no sufficient consideration to support the agreement. This is true as to both parties. Neither party received any benefit or sustained any injury; neither acquired any right or parted with any privilege. The agreement was not only not enforceable in law, theoretically, but the effort to give it effect has shown that it was not enforceable, actually.

The agreement did not change the status of the parties to it, and the trial court did not err in rendering personal judgment against the sureties on the bond.

In December, 1893, William A. Lynch, receiver for C. Aultman & Co., deposited in the Collin County National Bank the sum of $1000. The deposit was made to secure whoever might become sureties for C. Aultman & Co. on its supersedeas bond in the McKinney case. The bank was authorized to obtain sureties and to use the deposit for that purpose. The bank procured McAuley and White to become such sureties, and the fund or deposit was either turned over to them or held subject to their control. About $800 of the fund is now so held. The deposit was out of funds that had come into Lynch's hands as receiver, and he had authority to use the money for that purpose. He was appointed receiver in 1893, and has been such receiver ever since. C. Aultman & Co. was insolvent at the time the receiver was appointed, and has been ever since. The administration of its estate by the receiver was by the Ohio courts; there were no auxiliary proceedings in this State, and the receiver was not made a party to any of the litigation under consideration.

It is practically conceded, and can not be doubted, that the pledged funds in the hands of the sureties can be subjected to the satisfaction of the judgment against C. Aultman & Co., if the sureties are personally liable. We have held that they are so liable, and therefore conclude

that there was no error in that part of the judgment that directed the payment thereof out of said fund.

The questions disposed of above are decisive of this appeal, and the other questions raised need not be considered.

The judgment is affirmed.

*Affirmed.*